IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **James Edward Carlo**, | ) C/A No. 4:05-1857-RBH-TER |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) **O R D E R** |
| **John J. Lamanna**, *Warden, Federal Correctional Institution, Edgefield South Carolina*; | ) |
| **Harley G. Lappin**, *Director, Federal Prison System*; and | ) |
| **Federal Prison System**, | ) |
| | ) |
| Respondents. | ) |

This case is before the Court on Petitioner's Motion for Exception to Local Rule 83.1.05 (Document 2), and upon the Motion to Appear *Pro Hac Vice* (Document 3) filed by Susan G. James, an out-of-state attorney who submitted the Petition in this case on behalf of Petitioner.

Petitioner seeks an order from this Court exempting Ms. James from the requirement under our local rules that she associate local counsel in the case should she desire to be admitted to the Court as counsel for Petitioner on a *pro hac vice* basis. See Local Civil Rule 83.1.05.[1] Additionally, Ms. James, herself, has paid the full *pro hac vice* application fee and has submitted a partially completed Motion to Appear *Pro Hac Vice* containing her own professional information, but not containing the name, signature, and Federal Bar number of a member of this Court's Bar who has been associated as local counsel as required under Rule 83.1.05.

---

[1] Local Civil Rule 83.1.05 states in pertinent part:

(A) *Upon motion of an attorney admitted to practice before this Court*, any person who is a member in good standing of the Bar of a United States District Court and the Bar of the highest court of any state or the District of Columbia may be permitted to appear in a particular matter *in association with a member of the Bar of this Court*. (emphasis added).

The undersigned has fully reviewed the Motion for Exception to Local Rule 83.1.05, and has considered the contentions raised therein that, allegedly, would support an exercise of discretion by the Court to grant the requested exception under the particular circumstances of this case.[2] Those contentions are not so compelling as to require the Court to relieve this out-of-state attorney of the clear and reasonable local-counsel requirements of our Local Rules. *See* Thomas v. Cassidy, 249 F.2d 91 (4th Cir. 1957)("permission to a nonresident attorney, who has not been admitted to practice in a court, to appear pro hac vice in a case there pending is not a right but a privilege, the granting of which is a matter of grace resting in the sound discretion of the presiding judge").

Accordingly, Petitioner's Motion for Exception to Local Rule 83.1.05 (Document 2) is **DENIED**. The Motion to Appear *Pro Hac Vice* (Document 3) is **DENIED WITHOUT PREJUDICE** to Ms. James' submission of an amended application to appear *pro hac vice* containing the required name, signature, and Federal Bar number of a member of this Court's Bar who has been associated as local counsel in this case as required under Rule 83.1.05. Should an amended application be filed in this case, the Office of the Clerk of Court shall return this file to the undersigned District Judge for further

---

[2] Petitioner does not allege that compliance with the established rules of this Court for *pro hac vice* admission would create any type of undue hardship on either Petitioner or on his out-of-state counsel. Rather, the following "reasons" are listed in support of the requested exception:

    a. Counsel['] s practice primarily consists of representing federal offenders in criminal cases, sentencing and post conviction matters. There are a limited number of attorneys in the United States that undertake this type of representation.

    b. Counsel is familiar with the petitioner's case.

    c. Counsel residing out of district will not create any hardships for the court, opposing counsel or the petitioner as she represents a number of clients in federal district courts around the country on a *pro hac vice* basis and can normally be present on relatively short notice.

    d. Counsel is familiar with this type of legal procedure. It is not likely that this proceeding would require any type of personal appearance for litigation purposes.

consideration of the application. Until such time as any amended *pro hac vice* application is granted, this case shall proceed in accordance with this Court's established procedures for *pro se* filings.

    **AND IT IS SO ORDERED.**

                                           s/ R. Bryan Harwell
                                           R. Bryan Harwell
                                           United States District Judge

July 18, 2005
Florence, South Carolina