UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James Edward Carlo**, | ) C/A No. 4:05-1857-RBH-TER |
|          Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) Report and Recommendation |
| **John J. Lamanna**, *Warden, Federal Correctional Institution, Edgefield South Carolina*; | ) |
| **Harley G. Lappin**, *Director, Federal Prison System*; and | ) |
| **Federal Prison System**, | ) |
| | ) |
|          Respondents. | ) |
| _____ | ) |
| | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court by a federal prison inmate, *pro se*.[1] Petitioner is currently incarcerated at FCI-Edgefield, in Edgefield, South Carolina. He is serving a sentence entered by the United States District Court for the Northern District of Florida, following entry of a guilty plea in 1998 to a drug-related conspiracy charge. *See* USA v. Carlo, Criminal Action No. 1:97-cr-00013-MP-WCS-19 (N.D. Fl.).[2]

---

[1] Although the Petition was submitted to the Court by an Alabama attorney, as of the date of preparation of this Report, the attorney has not been admitted *pro hac vice* to this Court. See Document 5 (Order denying counsel's motion for exception to the Court's *pro hac vice* rule). As a result, this case is being treated as a case filed by a federal prisoner *pro se.* Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Petitioner's original sentence was 292 months, but it was reduced to 180 months on motion of the United States pursuant to Fed.R.Crim.P. 35.

In the Petition filed in this case, Petitioner seeks to have his sentence either (1) vacated because of alleged problems with the sentencing court's application of the sentencing guidelines in his case, or (2) "compassionately" shortened due to Petitioner's advanced age and alleged serious illnesses. Following initial review of this case, special interrogatories were propounded to Petitioner. He has now submitted his answers under penalty of perjury to those interrogatories. (Document 7).

According to Petitioner's answers and from an independent review of the docket of the Northern District of Florida, see St. Louis Baptist Temple, Inc. v. FDIC., 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue); United States ex rel. Geisler v. Walters, 510 F.2d 887 (3rd Cir. 1975)(same); Rhodes v. Houston, 309 F.2d 959 (8th Cir. 1963)(same), he has never filed a § 2255 motion to vacate in the sentencing court challenging the sentence that he is currently serving. Also, Petitioner acknowledges that he did not institute a Federal Bureau of Prisons (BOP) administrative appeal process relative to his compassionate relief request prior to filing this case. (Document 7, answer 7).[3]

In his Petition, citing to United States Supreme Court precedent that had not yet been decided at the time of his sentencing,[4] Petitioner contends that his sentence should

---

[3] In a January 12, 2005 letter written by the Warden of Edgefield in response to a December 30, 2004 letter from the same Alabama attorney who submitted the Petition in this case, the Warden stated: "Mr. Carlo has been advised of the denial of this request for compassionate release *and advised of his right to appeal this decision through the Administrative Remedy Procedure*." (Document 7, attachment)(emphasis added).

[4] See United States v. Booker, --- U.S. ----, 125 S.Ct. 738 (2005); Apprendi v. New Jersey, 520 U.S. 466 (2000).

2

be vacated because his trial counsel was ineffective for failing to make a Sixth Amendment challenge the sentencing court's application of the sentencing guidelines in his case. Alternatively, he claims that BOP acted arbitrarily and capriciously when the Warden of Edgefield refused to grant the requested "compassionate release.

### Pro Se Review[5]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The

---

[5] Even though the Petition was prepared by an attorney, that attorney has not been admitted to this Court *pro hac vice*. *See supra* note 1. Petitioner is receiving the benefit of the liberal construction rule in this Report due to his currently unrepresented status before this Court.

3

requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## DISCUSSION

**1. The Booker challenge**

As stated above, Petitioner seeks to challenge his federal sentence on the basis of fairly recent United States Supreme Court decisions. See United States v. Booker, --- U.S. ----, 125 S.Ct. 738 (2005); Apprendi v. New Jersey, 520 U.S. 466 (2000).[6] Specifically, Petitioner contends that his sentence should be vacated because his original sentence, *see* supra note 2, was unconstitutionally enhanced under the federal sentencing guidelines in effect at the time of the sentencing in 1998. Claiming that his trial counsel was ineffective for failing to raise a Sixth Amendment challenge to the sentence, Petitioner asserts, relying primarily on Booker, that he should now be re-sentenced because the sentencing judge engaged in improper fact-finding. Although he acknowledges that this contention has never been made in the sentencing court through a § 2255 motion to vacate the sentence, Petitioner asks this Court to exercise its jurisdiction under 28 U.S.C. § 2241 to vacate his sentence and to order the Northern District of Florida to re-sentence

---

[6]Booker arose in the federal sentencing context and, essentially, confirmed and made applicable in the federal system, the earlier Apprendi holding that certain sentencing factors such as, *inter alia*, drug quantity involved in drug-related prosecutions "which [are] necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Apprendi, 520 U.S. at 490.

4

him. Petitioner seeks this extraordinary relief because the United States Supreme Court revised certain federal sentencing rules several years after his sentence became final.

The threshold question in this case is whether Petitioner's contentions about the underlying validity of his federal criminal sentence are properly raised in this Court through a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See* In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See* Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).

Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See* Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. If the savings clause is asserted as a basis for the court's jurisdiction, the petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See* Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Additionally, it is settled in this circuit that the possibility that

a § 2255 petition filed by a prisoner in the court that sentenced him might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See* In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*).[7]

In this case, Petitioner attempts to satisfy his burden under the § 2255 savings clause in order to challenge the validity of his sentence under § 2241 by arguing that the § 2255 remedy is inadequate and ineffective in his case.  He claims that until now he has never been able to present a Sixth Amendment challenge to the sentencing process used by the Northern District of Florida in his case because the process used was legally valid at the time the sentence was entered.  He claims that when the Booker case was decided over five years later, it changed the federal sentencing process to the extent that it indicated that Petitioner's enhanced sentence would now be considered unconstitutional.  Finally, although he does not say so in explicit terms, it appears from the context of the Petition and from the authorities quoted and cited therein that Petitioner is making his contentions in a § 2241 petition to this Court because he believes that he is time-barred from filing a § 2255 motion in the Northern District of Florida.  He makes this type of argument even though it does not appear from his Petition or from his answers to special interrogatories that he has ever even attempted to file a Booker-based § 2255 motion in the Northern District of Florida.

---

[7] *See also* In re Jones, 226 F.3d at 333.  *Accord* Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); Tanksley v. Warden, 2000 WL 1140751(6th Cir., Aug 08, 2000) (unpublished opinion);  Ward v. Snyder, 2000 WL 1871725 (6th Cir., Dec 12, 2000)(unpublished opinion); Gonzales v. Snyder, 2000 WL 636908 (8th Cir., May 18, 2000)(same); Elzie v. Pugh,1999 WL 734453 (10th Cir., Sept. 21, 1999)(same); Onaghise v. Bailey, 1999 WL 613461 (9th Cir., Aug 12, 1999)(same).

Petitioner cannot, in good faith, claim that the § 2255 is "inadequate or ineffective" in his case because he has failed to pursue his Booker sentencing claim through available procedural channels. Without even making an attempt to raise his sentencing challenge with the appropriate court to consider it in the first instance, Petitioner's claims of inadequacy and ineffectiveness ring hollow. Petitioner's failure to sustain his burden under the § 2255 savings clause is particularly clear in light of the existing view in this Circuit that the possibility that a § 2255 petition filed by a prisoner in the court that sentenced him might be found untimely does not render the § 2255 remedy inadequate or ineffective. *See* In Re Vial; *see also* supra note 7.

Since the challenge to the validity of his sentence that Petitioner seeks to raise in this case is cognizable, if at all, under 28 U.S.C. § 2255, Petitioner's more appropriate judicial remedy is to seek to file an out-of-time initial § 2255 motion in the United States District Court for the Northern District of Florida. Whether or not that court chooses to accept such a filing is of no relevance under the prevailing law in the Fourth Circuit to this Court's lack of jurisdiction under § 2241 to grant the relief requested in this case. To the extent that Petitioner seeks to raise a Booker challenge to his sentence, the § 2241 Petition in this case should be summarily dismissed.

**2. The compassionate release claim**

The second claim raised in the Petition in this case is that the Warden of FCI-Edgefield improperly denied Petitioner's request, made through counsel, that Petitioner be released from BOP custody due to his advanced age and poor health. This request was apparently first made in December 2004 through correspondence from an attorney on

7

Petitioner's behalf to the Warden.  The alleged denial of the request came in response correspondence from the Warden dated January 12, 2005.  Although the letter informed Petitioner of his right to institute a BOP administrative remedy process in order to appeal the denial of the request, Petitioner did not do so.  Instead, he filed this case and requests this Court to order BOP to grant the compassionate release.

The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to some aspects of his or her confinement.  *See* C.F.R. § 542.10, et. seq.; *see also* <u>Martinez v. Roberts,</u> 804 F.2d 570, 571 (9th Cir. 1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).  Petitioner has not even begun the process relative to his compassionate release claim, much less exhausted his administrative remedies.  To the extent that the Petition seeks a compassionate release from this Court, it is subject to summary dismissal pursuant to 28 U.S.C. 1915(d) because the petitioner has not exhausted his administrative remedies. *See* <u>Braden v. 30th Judicial Circuit Court,</u> 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); <u>Moore v. De Young</u>, 515 F.2d 437,442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241).

## **RECOMMENDATION**

Because neither of Petitioner's claims are properly before this Court under 28 U.S.C. § 2241, it is recommended that the Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return.  *See* <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions

and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

                                              Respectfully submitted,

                                              s/Thomas E. Rogers, III

                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

Sept. 7, 2005
Florence, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503